**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4431**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS L. HARRIS, a/k/a Marcus Lee Harris, Sr.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:15-cr-00170-REP-1)

Submitted:  April 28, 2017                                    Decided:  May 5, 2017

Before TRAXLER, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Laura J. Koenig, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Marcus L. Harris was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Harris contends that the seizure and search of his cell phone violated the Fourth Amendment and the Government used peremptory jury strikes for a racially discriminatory purpose, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Finding no reversible error, we affirm.

Concerning the district court's denial of Harris' motion to suppress, we review legal conclusion de novo and factual findings for clear error. *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). The evidence revealed at the suppression hearing is viewed in the light most favorable to the Government, the prevailing party. *Id.* We conclude that the court did not clearly err in finding that law enforcement had a legitimate reason to stop the vehicle in which Harris was a passenger and then properly relied upon information provided by two informants. *See United States v. Branch,* 537 F.3d 328, 335 (4th Cir. 2008) (noting that a traffic violation provides law enforcement with a legitimate reason to stop the vehicle); *United States v. Perkins,* 363 F.3d 317, 323 (4th Cir. 2004) (finding that a sufficiently reliable informant's tip may provide law enforcement with reasonable suspicion). Additionally, we conclude that the warrantless seizure of the cell phone was reasonable in light of the exigent circumstances. *See Riley v. California*, 134 S. Ct. 2473, 2486 (2014) (noting the law enforcement could have seized the cell phone to prevent the destruction of evidence); *United States v. Patiutka,* 804 F.3d 684, 690 (4th Cir. 2015) (defining probable cause necessary to seize evidence

2

without a warrant). Finally, we conclude that, because there was no Fourth Amendment violation, Harris lost standing to challenge the search of the cell phone when he unequivocally abandoned his ownership interest in the phone. *See United States v. Stevenson*, 396 F.3d 538, 546 (4th Cir. 2005) (finding that person who voluntarily abandons ownership interest in property loses standing to challenge search of the property).

The Equal Protection Clause prohibits the use of peremptory challenges based solely on race. *Batson,* 476 U.S. at 86; *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 128-29 (1994). We give great deference to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, reviewing only for clear error. *United States v. Farrior,* 535 F.3d 210, 221 (4th Cir. 2008), *abrogated on other grounds by United States v. Williams,* 808 F.3d 238 (4th Cir. 2015); *Jones v. Plaster,* 57 F.3d 417, 421 (4th Cir. 1995). After reviewing the record, we conclude that the court did not clearly err in finding that the Government offered a race-neutral explanation for the peremptory strikes and that Harris failed to establish purposeful discrimination.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3